IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY LONG, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 3:13-CV-01392 |
| v. | : | |
| | : | (Judge Mariani) |
| ADAMS COUNTY DEPARTMENT | : | |
| OF PROBATION AND PAROLE, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

I.  **Introduction**

Petitioner Jeremy Long ("Petitioner" or "Long"), a state prisoner currently confined at the York County Prison in York, Pennsylvania, initiated the above-captioned action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1). Long's Petition challenges issues surrounding his parole revocation.

On July 30, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed, without prejudice, and that a certificate of appeal ability should not issue. (Doc. 14). On August 12, 2013, Petitioner filed objections to the R&R of the Magistrate Judge. (Doc. 15). For the reasons set forth herein, we conclude that Long's Petition has failed to meet the exhaustion

requirement. Therefore, we will adopt the R&R of the Magistrate Judge and dismiss the Petition.

## II. Factual Background

The Magistrate Judge summarizes the factual background as follows:

> With respect to this petition, the facts can be simply stated: In October of 2012, the petitioner, Jeremy Long, pleaded guilty to a state drug offense and was sentenced to time-served, along with a term of parole. (Doc. 12). Long did not appeal or otherwise collaterally challenge this conviction and sentence in 2012. Five months then elapsed, until March 21, 2013, when Long was cited for parole violations in a parole revocation petition. (*Id.*). One week later, on March 28, 2013, a parole revocation hearing was held and Long's [county] parole was revoked. (*Id.*).
>
> Long then filed a post-conviction petition challenging this conviction, and subsequent parole revocation, with the Court of Common Pleas of Adams County on April 5, 2013. (*Id.*). A hearing was held on this petition on May 2, 2013, and on June 13, 2013, the [Adams Count Court of Common Pleas] denied Long's petition. (*Id.*). One month later, on July 9, 2013, the Common Pleas court denied Long's motion to reconsider its ruling. (*Id.*). Long now reports that, on June 21, 2013, he filed a notice of appeal from this initial adverse state court ruling.[1] (Doc. 13). Thus, it is evident that Long's parole revocation proceedings are the subject of on-going state court litigation.[2]
>
> While this state court litigation was on-going Long also filed the instant federal habeas corpus petition on May 22, 2013, challenging his state parole revocation. (Doc. 1). Long's federal habeas corpus petition, therefore, presents us with the paradigm of an unexhausted federal habeas corpus petition, a petition whose claims have not been properly presented and preserved in the state courts.

(Doc. 14, p.2-3).

---

[1] A review of the Adams County Docket Sheet shows that since July 23, 2013, the Court is awaiting the appellate court decision. *Commonwealth v. Long,* CP-01-CR-0000214-2012.

[2] We note that Long's post-conviction petition challenges his conviction and does not directly address his parole revocation. (Doc. 15).

2

## III. Procedural Background

Petitioner filed his Petition on May 22, 2013. (Doc. 1). Respondents filed a Response to the Petition for Writ of Habeas Corpus on July 15, 2013. (Doc. 12). Long then filed a Traverse. (Doc. 13).

On July 30, 2013, Magistrate Judge Carlson issued a R&R recommending summary dismissal of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. (Doc. 14). Petitioner filed Objections to the R&R on August 12, 2013. (Doc. 14).

## III. Standard of Review

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see *Sample v. Decks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See *United States v. Redcats*, 447 U.S. 667, 676 (1980); see also *Gooney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## IV. Discussion

In the Objections, Petitioner argues against dismissal of his Petition noting that the claims raised in the PCRA Petition are not substantially similar to the claims he raises in his current Petition and that, even though he has not exhausted his state court remedies, he is entitled to review of his Petition now because he has not been afforded the proper tools to address his claims and governmental interference. (Doc. 15). Petitioner alleges that these facts show "the proper cause and prejudice necessary to excuse procedural default." (*Id.* at p. 2).

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Warts v. Vaughn*, 228 F.3d 178, 192 (3d Cir.2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state

4

courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999); see also *Nara v. Frank*, 488 F.3d 187, 197–98 (3d Cir.2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard*, 404 U.S. at 275).

Under this exhaustion rule, a federal court must dismiss without prejudice habeas petitions that contain any unexhausted claims. *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir.2004).

Petitioner has failed to show that he has exhausted his state remedies as required before he can file his habeas petition. Petitioner himself admits that he has failed to bring the issues regarding his parole revocation to Pennsylvania, thus showing that he has not fairly presented his claim to the Commonwealth as required. Accordingly, Petitioner's lack of exhaustion requires dismissal of his habeas Petition.

As Respondents correctly note in their response, procedural default is not applicable in this case because Petitioner has yet to present his claims to any state court. (*See* Doc.12, p. 15). Nevertheless, Petitioner discusses procedural default in his objections, so we will address the issue.

The dismissal requirement of unexhausted claims does not apply in cases where the state courts would not consider the unexhausted claims because they are procedurally barred by state law. *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir.1996). However, in that situation the petitioner must still overcome the concomitant doctrine of procedural default. *Id.* at 683. The doctrine of procedural default bars federal habeas relief when a state prisoner has defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* For example, failure to present federal habeas claims to the state courts in a timely fashion results in procedural default. See *O'Sullivan*, 526 U.S. at 848 (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546,501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Like a state prisoner who has failed to exhaust his state remedies, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 732. The doctrine of procedural default therefore ensures that a state prisoner cannot evade the exhaustion requirement of § 2254 by defaulting his federal claims in state court. *Id.*

However, a federal habeas court can review the merits of procedurally defaulted claims if the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless*, 172 F.3d at 260; *Coleman*, 501 U.S. at 750–51; *Caswell v. Ryan*, 953 F.2d 853, 861–62 (3d Cir.1992). To demonstrate "cause" for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). To demonstrate "actual prejudice," the petitioner must show "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (emphasis in original).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bouslev v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). To establish such a

claim, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Further, actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Id.* at 329.

Initially, we note that Petitioner's claim does not appear to be procedurally barred by state law, so the doctrine does not apply here. However, even if his claims were barred, he has failed to produce any evidence demonstrating cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the Court does not review his claim. In his objection, Petitioner references that he has not been told proper addresses, he broadly asserts that he has not being afforded the necessary tools to address his claims, and also broadly asserts governmental interference. He also attached documents concerning a York County Prison Inmate Grievance[3] he filed that claims his returned legal mail was opened and issues with addresses being updated in the Law Library. (Doc. 15, App. A.). These broad claims do not amount to cause and actual prejudice. Further, Plaintiff has failed to show that a fundamental miscarriage of justice will result if the Court does not review his claim.

---

[3] Also attached is an Initial Review Response to Petitioner's grievance which explains that the complaint regarding the legal mail was received and that there was a discussion about the addresses in the law library being updated. (Doc. 15, App. A). The response also states, "At the end of our discussion, you signed your original grievance indicating that the matter has been resolved." (*Id.*).

8

For the reasons stated above, we will adopt the R&R of the Magistrate Judge and find that dismissal of the Petition is appropriate. As such, the Petition will be dismissed for lack of exhaustion. An appropriate Order follows.

Robert D. Mariani
United States District Judge